IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GARY T. PIERCE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 03-3222 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) |
| | ) |
|     Defendant. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

### FACTS

Plaintiff Gary Pierce is an African-American male. He filed an employment discrimination against his former employer the Illinois School for the Deaf pursuant to Title VII of the Civil Rights Act of 1964. The ISD is a operated by Defendant Illinois Department of Human Services (DHS").

Pierce claimed that he suffered a hostile work environment via conduct that occurred through January 6, 2000. Pierce sued DHS on

1

October 10, 2003.  DHS moved for summary judgment on December 21, 2006.  Pierce's response was due 21 days from that date.  Pierce sought and was given an extension of time to respond.  The extended deadline was February 12, 2007.  Pierce did not respond by that date, seek an additional extension or explain why he never responded.

## STANDARD

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); see also Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir. 1984), cert. denied, 470 U.S. 1028 (1985).  When determining whether factual issues exist, a "court must view all the evidence in the light most favorable to the non-moving party."  Black v. Henry Pratt Co., 778 F.2d 1278, 1281 (7th Cir. 1985).  However, "[s]ummary judgment is appropriately entered 'against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" McKenzie v. Illinois Department. of Transportation, 92 F.3d 473, 479 (7th Cir. 1996) (quoting Celotex, 477 U.S. at 322, 106 S.Ct. at 2552 (1986))

## ANALYSIS

As Pierce's attorney knows, the United States District Court for the Central District of Illinois has Local Rules. Local Rule 7.1(D)(2) states that responses to summary judgment "shall" be filed within 21 days after service of a summary judgment motion. Id. "A failure to respond shall be deemed an admission to the motion." Id.

DHS electronically filed its summary judgment motion with the Clerk of the Court on December 21, 2006. See d/e 57. The accompanying memorandum argued that Pierce's claims were time-barred, that he failed to exhaust administrative remedies, waived his 2003 claims, and failed to prove that he was subjected to a hostile work environment. See d/e 58. Pierce's attorney received a copy of the motion and, after getting an extension of time, was given until February 12, 2007, to file a response. See Text Order dated Feb. 12, 2007. No

3

response was filed.  Thus, DHS' arguments are deemed admitted.  See Local Rule 7.1(D)(2).

Ergo, Defendant DHS' Motion for Summary Judgment (d/e 57) is ALLOWED.  All pending motions are DENIED as MOOT.

CASE CLOSED.

ENTER:  February 14, 2007

FOR THE COURT

s/ Richard Mills
United States District Judge